## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 18-22598-JAD |
| Richard S. Ross, | ) |
| **Debtor,** | ) **Chapter** 7 |
| Gerald S. Lepre, Jr. and Jessica L Weiss, | ) **Related Document No.** 39-37 |
| **Movants,** | ) **Hearing Date:** 11/02/18 @ 11:00 a.m. |
| vs. | ) **Response Due:** 10/26/18 |
| Richard S. Ross, | ) |
| **Respondent.** | ) **Document No.** |

### REPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

**AND NOW,** comes the Respondent, Richard S. Ross, by and through his attorneys Calaiaro Valencik and Donald R. Calaiaro, and in support of this response avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied as stated; the parties entered into a written agreement which speaks for itself. By way of further averment; the parties submitted this agreement as a short sale to the lender and the buyers knew of the possibility that this would not be accepted. There was also a lease for the buyers to occupy the premises. The Movants have not paid rent and have occupied the property without compensating the Debtor.

5. Denied; the Movants knew that there was a mortgage on the property and that they were attempting a "short sale". They assumed the risk of that transaction not closing. The Debtor has a counterclaim against the Movants for the reasonable value of the rental of the property. The motion makes general allegations of fraud, which are denied. The Movants do not specifically plead fraud with particularity. It is denied that

there was any misrepresentation or fraud by the Debtor. The Movants knew the property was mortgaged and that they were agreeing to purchase it on the premise that the Mortgagee might reject the short sale.

6. Admitted.

7. Admitted in part; the Movants filed a suggestion of bankruptcy because it is their goal to embroil this property in litigation so that they can continue to occupy the property without paying any rent.

8. Denied as stated. The Debtor listed this property on Schedule B; he listed US Bank, Creditor 2.2, as the servicer for the Mortgagee on Schedule D of the Bankruptcy Schedules.  The executory contract with the Movants was disclosed on Schedule G.

9. It is admitted that the Movants filed a writ of summons against the Debtor and other parties to the transaction in the Allegheny County Court of Common Pleas at GD-18-001496.

10. Denied as stated; the Debtor properly scheduled the Movants as creditors and ensured that they receive notice of the filing of the bankruptcy.

11. Paragraph 11 is a speculation of what the Movants intend to do. The Debtor is not able to comment as to their future intentions. The anticipated cause of action under 11 U.S.C §523 would be a core matter and the Bankruptcy Court has exclusive jurisdiction over the adjudication of non-dischargeability under 28 U.S.C §157 (B) (2) (I).

12. Paragraph 12 is a speculation of what the Movants intend to do. The Debtor is not able to comment as to their future intentions.

13. Denied; the creditor has a general unsecured claim against the Debtor. The alleged non-dischargeability is a core matter which must be litigated in the Bankruptcy Court. The Movant has not made a prima facie claim for relief under 11 U.S. C. § 362 (d). The Movants are not entitled to adequate protection because they are not a secured creditor and they have not demonstrated any legal basis to be granted relief from the Automatic Stay.

By way of further averment, the Movants are not stayed from seeking injunctive relief against the mortgagee if they are able to assert a valid claim

**WHEREFORE**, the Debtor/Respondent requests this Honorable Court to deny Movants' motion for relief from stay.

**Respectfully Submitted,**

**DATE:** October 26, 2018

**BY:** /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
dcalaiaro@c-vlaw.com
**BY:** /s/ David Z. Valencik
**David Z. Valencik, Esquire, PA I.D. #308361**
dvalencik@c-vlaw.com

**CALAIARO VALENCIK
428 Forbes Avenue, Suite 900
Pittsburgh, PA 15219-1621
(412) 232-0930**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:** | ) **Case No.** 18-22598-JAD |
| Richard S. Ross, | ) |
| **Debtor,** | ) **Chapter** 7 |
| Gerald S. Lepre, Jr. and Jessica L Weiss, | ) **Related Document No.** 39-37 |
| **Movants,** | ) **Hearing Date:** 11/02/18 @ 11:00 a.m. |
| **vs.** | ) **Response Due:** 10/26/18 |
| Richard S. Ross, | ) |
| **Respondent.** | ) **Document No.** |

## CERTIFICATE OF SERIVCE of Response to Motion for Relief from the Automatic Stay

I certify under penalty of perjury that I served the above captioned Response on the parties at the addresses specified below on October 26, 2018.

**Service by First-Class Mail:**
Gerald S. Lepre, Jr., 1922 Kenneth Avenue, Arnold, PA  15068
Jessica L. Weiss, 1922 Kenneth Avenue, Arnold, PA  15068
Richard S. Ross, 109 Ashley Court, Pittsburgh, PA  15221
**Service by Electronic Notification**:
Jeffrey J. Sikirica; trusteesikirica@consolidated.net
Office of the United States Trustee; ustpregion03.pi.ecf@usdoj.gov

The type(s) of service made on the parties (first-class mail, electronic notification, hand delivery, or another type of service) was: First-Class Mail or Electronic Notification.

If more than one method of service was employed, this certificate of service groups the parties by the type of service. For example, the names and addresses of parties served by electronic notice will be listed under the heading "Service by Electronic Notification," and those served by mail will be listed under the heading "Service by First-Class Mail."

**Executed on:**  October 26, 2018        /s/ Donald R. Calaiaro
**Donald R. Calaiaro, Esquire, PA I.D. #27538**
**dcalaiaro@c-vlaw.com**
/s/ David Z. Valencik
**David Z. Valencik, Esquire, PA I.D. #308361**
**dvalencik@c-vlaw.com**
**CALAIARO VALENCIK**
**428 Forbes Avenue, Suite 900**
**Pittsburgh, PA  15219-1621**
**(412) 232-0930**